# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL AIKENS,                          )
                                   )
         Plaintiff,                        )
                                   )  C.A. No. N22C-11-075 FWW
         v.                               )
                                   )
DELAWARE TRANSIT CORPORATION  )
and DELAWARE AUTHORITY FOR        )
REGIONAL TRANSIT,                       )
                                   )
         Defendants.                    )

Submitted: May 15, 2023
Decided: August 3, 2023

*Upon Defendants' Motion to Dismiss,*
**DENIED**

## ORDER

Michelle D. Allen, Esquire, Delia A. Clark, Esquire, ALLEN & ASSOCIATES, 4250 Lancaster Pike, Suite 230, Wilmington, DE 19805, Attorneys for Plaintiff Michael Aikens.

Victoria R. Sweeney, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, 6th Floor, Wilmington, DE 19801, Attorney for Defendants Delaware Transit Corporation and Delaware Authority for Regional Transit, Defendants.

**WHARTON, J.**

This 3rd day of August 2023, upon consideration of the Motion to Dismiss of Defendants Delaware Transit Corporation ("DTC") and Delaware Authority for Regional Transit ("DART") (collectively "Defendants"),[1] Plaintiff Michael Aikens' ("Aikens") Opposition to Defendants' Motion to Dismiss,[2] and the record in this case, it appears to the Court that:

1.     Aikens brought this disability discrimination action on November 8, 2022.[3] The Complaint now alleges a single count of Discrimination in Violation of the Delaware Persons with Disabilities Employment Protections Act under 19 *Del. C.* § 720 *et. seq.*[4]

2.     Aikens alleges that while working for Defendants as a bus operator, he was injured in a motor vehicle accident which was not his fault.[5] He was taken to the hospital for medical attention and while there was given Percocet for the pain he was experiencing from the accident.[6] After receiving the Percocet, a representative of the Defendants required Aikens to undergo a post-accident drug test while he was still at the hospital.[7] The drug test showed a positive result for a controlled substance

---

[1] Defs.' Mot. to Dismiss, D.I. 20.
[2] Pl.'s Opp. to Def.'s Mot. to Dismiss, D.I. 23.
[3] Compl., D.I. 1.
[4] *Id.* The Complaint alleges a second count of Breach of the Implied Covenant of Good Faith and Fair Dealing, but Aikens agrees to dismiss that count. Pl's Opp. to Defs.' to Dismiss, D.I. 23.
[5] *Id.* at ¶¶ 11-13.
[6] *Id.* at ¶¶ 15-16.
[7] *Id.* at ¶ 17.

which Aikens explained to the Defendants' representative was a result of the Percocet he had been given in the hospital.[8] Nonetheless, he was suspended without pay pending the outcome of a pre-termination hearing and ultimately terminated effective July 30, 2021 for failing the post-accident drug test.[9] Aikens alleges that the Defendants unlawfully regarded him as disabled due to the positive drug test and terminated him.[10]

3.      Following his termination, Aikens filed a Charge of Discrimination with the Delaware Department of labor and Equal Employment Opportunity Commission and, on August 10, 2022, received a "Notice of Right to Sue" from the Department of Labor.[11] This action was brought within 90 days of Aikens' receipt of the Right to Sue Notice.[12]

4.      Defendants move to dismiss the Complaint pursuant to Superior Court Civil Rule 12(b) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.[13] In their motion, Defendants recite certain facts which they contend are drawn from the Complaint and from documents integral to

---

[8] *Id.* at ¶¶ 18-19.
[9] *Id.* at ¶¶ 20-21; 30-35.
[10] *Id.* at ¶¶ 22-23.
[11] *Id.* at ¶¶ 6-7.
[12] *Id.* at ¶ 8.
[13] Defs., Mot. to Dismiss at 1, D.I. 20.

the Complaint.[14]   They state that Aikens was employed in a union represented position subject to a collective bargaining agreement ("CBA"), the purpose of which, in part, is to "'set forth the terms and conditions of employment.'"[15]   After the accident, DTC required Aikens to submit to a post-accident drug test pursuant to DTC's Drug and Alcohol Policy.[16]   The results of that test were positive for a controlled substance and Aikens was suspended without pay pending the outcome of a pre-termination hearing.[17]   By letter dated August 11, 2021, DTC notified Aikens that he was terminated effective July 30, 2021, the date of his pre-termination hearing, for violating DTC's Drug and Alcohol Policy.[18]   The letter explained that Aikens had failed to provide any documentation supporting his claim that he was administered Percocet at the hospital prior to his drug test.[19]

5.     The Defendants argue that the CBA governs Aiken's claims, and, because he did not exhaust the administrative remedies available to him under that agreement, those claims must be dismissed.[20]   Specifically, the CBA provides that disputes involving the Drug and Alcohol Policy are to be "'handled through the

---

[14] *Id.* at 1, n. 1.  The documents attached to the motion are Aikens' employment agreement (Ex. A), the CBA (Ex. B), DTC's Drug and Alcohol Policy (Ex. C), and the Pre-termination Hearing Decision (Ex. D).

[15] *Id.* at ¶ 2 (quoting the CBA at § 1.1, Ex B).

[16] *Id.* at ¶ 4.

[17] *Id.* at ¶¶ 4-5.

[18] *Id.* at ¶ 6.

[19] *Id.*

[20] *Id.* at ¶ 9.

grievance procedure.'"[21] Disputes and grievances arising from the CBA are governed by its four-step grievance procedure, after which, if the dispute remains unresolved, the CBA solely authorizes the union to appeal the decision to the Delaware Department of Human Resources to be resolved through arbitration.[22] Here, although a union representative was present at the pre-termination hearing and included on the termination letter, the union did not appeal.[23] In the Defendants' view, the failure of the union to appeal means that Aikens' administrative remedies were not exhausted, and thus, this Court lacks jurisdiction to hear the claim.[24]

6. Aikens opposes the motion. Citing 19 *Del. C.* § 714(a), which states that "a charging party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same," he contends that he has done all that the statute requires him to do in order to bring this action.[25]

7. He argues that the Court should disregard all references to the CBA, his employment agreement, DTC's Drug and Alcohol Policy, and the Pre-termination Hearing Decision because they are extrinsic to the Complaint, and are not integral to or incorporated within it unless the Court converts the motion to a motion for

---

[21] *Id.* (quoting DTC's Drug and Alcohol Policy at § 9.1, Ex. C)
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] Pl.'s Opp. to Defs' Mot. to Dismiss at 3-4, D.I. 23.

summary judgment.[26]  Should the Court decide to follow that course of action, he asks for time to take discovery and properly respond.[27]

8.      Aikens argues that his discrimination claims are not subject to the CBA in any event.[28]  First, he maintains that the CBA is silent as to discrimination claims.[29]  Second, citing *Wright v. Universal Maritime Service Corporation*[30] and *14 Penn Plaza, LLC v. Pyett*,[31] he asserts that an agreement to arbitrate anti-discrimination claims must be explicitly stated in the collective bargaining agreement.[32]  Therefore, where, as here, the CBA does not explicitly provide for disputes concerning statutory discrimination suits, the arbitration provision does not preclude a plaintiff from suing in a court of competent jurisdiction.[33]

9.      Further, Aikens contends that his claims do not arise out of a dispute regarding the interpretation of the Drug and Alcohol Policy, nor do they concern any dispute or grievance arising from the CBA.[34]  There are no facts in the record that support a conclusion that the parties collectively bargained in good faith and explicitly agreed that employment related discrimination claims would be resolved

---

[26] *Id.* at 4.
[27] *Id.*
[28] *Id.* at 4-6.
[29] *Id.* at 4.
[30] 525 U.S. 70, 80 (1998).
[31] 556 U.S. 247, 258 (2009).
[32] Pl.'s Opp. to Defs.' Mot. to Dismiss, at 4-5, D.I. 23.
[33] *Id.* at 5 (citing *Wright,* 525 U.S. at 80).
[34] *Id.*

by arbitration.[35] Finally, Aikens agrees to dismiss his claim alleging a breach of the implied covenant of good faith and fair dealing – Count II.[36]

10. A motion to dismiss based on lack of subject matter jurisdiction implicates Superior Court Civil Rule 12(b)(1), while a motion to dismiss based on a failure to state a claim upon which relief may be granted implicates Rule 12(b)(6). The standard of review for each is not the same.[37] While the motion purports to argue this Court lacks subject matter jurisdiction over both counts,[38] a fair reading of the motion suggests that it is the Rule 12(b)(6) standard of review that obtains.[39] Accordingly, the Court applies the standard applicable to Rule 12(b)(6) motions.

11. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[40] The Court's review is limited to the well-pled allegations in the complaint.[41] In ruling on a Rule 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party

---

[35] *Id.* at 5-6.
[36] *Id.*
[37] *Abbott v. Vavala,* 2022 WL 453609, at *5 (Del. Super. Ct. Feb. 15, 2022) ("Unlike the standards governing a motion to dismiss under Rule 12(b)(6), the Court's review of a Rule 12(b)(1) motion is more demanding on the non-movant." (citation omitted)).
[38] Defs.' Mot. to Dismiss, at 4-5 (Count I) and 6 (Count II). D.I. 20.
[39] *See, Id.* Legal Standard, at 3-4.
[40] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[41] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

7

opposing the motion."[42]  Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[43]

12.     The parties disagree about whether the Court may consider the CBA and DTC's Drug and Alcohol Policy in resolving this motion.  The Court need not decide that dispute because, even considering the CBA and the Drug and Alcohol Policy, it finds that this litigation is not barred for failure of Aikens to exhaust his administrative remedies.  Two cases decided by the United States Supreme Court and cited by Aikens  provide the frame work for the Court's decision.

13.     In *Wright v. Universal Maritime Service Corporation,* the Court was presented with the question of whether a general arbitration clause in a collective bargaining agreement required an employee to use the arbitration procedure for an alleged violation of the Americans with Disabilities Act.[44]  Writing for a unanimous Court in reversing the Fourth Circuit Court of Appeals, Justice Scalia wrote, "The dispute in the present case, however, ultimately concerns not the application of any CBA, but the meaning of a federal statute.  The cause of action Wright asserts arises not out of contract, but out of the ADA, and is distinct from any right conferred by

---

[42] *Id.*
[43] *Id.*
[44] *Wright,* 525 U.S. at 72.

the collective bargaining agreement."[45]  Further, any CBA requirement to arbitrate a statutory claim "must be particularly clear."[46]  "[T]he right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA."[47]  In contrast, in *14 Penn Plaza LLC v. Pyett*, the Supreme Court held that where a provision in a CBA that "clearly and unmistakably" required union members to arbitrate Age Discrimination in Employment Act claims was enforceable as a matter of federal law.[48]

14.    With that guidance in mind, the Court examines the CBA here to determine whether the arbitration provision is a general one or whether it "clearly and unmistakably" requires Aikens to arbitrate his disability claim.  The arbitration provision of the CBA applies to "any disputes or grievances…between the ADMINISTRATION and the UNION, or any of its bargaining unit members, as to the interpretation, application or operation of any provisions of this AGREEMENT..."[49]  After carefully examining the CBA, the Court can find nothing in it that "clearly and unmistakably" requires union members to arbitrate discrimination claims.  The CBA contains only a general arbitration provision insufficient to bring statutory discrimination claims within its scope.  Accordingly,

---

[45] *Id.* at 78-79.
[46] *Id.* at 79.
[47] *Id.* at 80.
[48] *14 Penn Plaza, LLC,* at 556 U.S. at 274.
[49] Defs.' Mot. to Dismiss, Ex. B. at § 8, D.I. 20.

Aikens need not exhaust his administrative remedies under the CBA in order to bring this statutory disability discrimination claim.

**THEREFORE**, the Motion to Dismiss of Defendants Delaware Transit Corporation and Delaware Authority for Regional Transit is **DENIED.**

**IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.